# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61129-CIV-TORRES

SAILBOAT POINTE CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiffs,

vs.

ASPEN SPECIALTY
INSURANCE COMPANY, a Foreign
Corporation,

      Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter came before the Court upon Defendant Aspen Specialty Insurance Company's ("Aspen") Motion to Dismiss Count II of Plaintiffs' Complaint [D.E. 3].[1] After considering the Motions, Plaintiffs' Response to the motion to dismiss, and Defendant's Reply thereto, the Court grants Defendant's motion to dismiss.

### *I. BACKGROUND*

Plaintiffs Sailboat Pointe Condominium Association, Inc., ("Sailboat"), filed this action for damages and declaratory relief against Defendant Aspen in connection with

---

[1] The parties to the above-captioned civil matter voluntarily elected to have the undersigned United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and entry of final judgment with respect thereto. [D.E. 10, 11].

an insurance claim for damage which resulted from Hurricane Wilma in October 2005. The Plaintiffs are covered under an insurance policy issued by Aspen.

The following facts are taken from the Complaint [D.E. 1]. Plaintiff is the owner of residential property located in the city of Oakland Park, Broward County, Florida. Defendant is a foreign corporation licensed to do business in the state of Florida and is in the business of selling insurance policies that include property coverage and other associated coverages to companies and individuals such as Sailboat who own residential real property. Defendant issued an insurance policy to Plaintiffs for insurance coverage on its aforementioned property. The policy provided coverage from June 2, 2005 through July 2, 2006, for property damage and damage to contents that Plaintiff incurred through a covered event within the 12 consecutive months of the policy term.

On or about October 24, 2005, a covered cause of loss under the policy (Hurricane Wilma) caused substantial property damage to Plaintiff's property, thereby triggering the coverage under the subject policy. Sailboat immediately notified Aspen of the loss and provided Aspen with the opportunity to inspect and assess the damages sustained. Aspen accepted coverage for this loss and sent an adjuster to Sailboat to estimate and evaluate the covered damages. Nevertheless Aspen has failed to pay the full value of the damages sustained.

Defendant insured Plaintiff under the subject policy through July 2, 2006. On May 17, 2006, Defendant notified Plaintiff that they were cancelling the insurance coverage under the policy as of July 3, 2006, under the provisions of §627.4133(2)(d), Florida Statutes, because of the "unreasonable delay by the insured in the repair or

replacement of the dwelling after Hurricane Wilma." Plaintiff's property has since deteriorated to the point where it has been unable to secure windstorm coverage as of July 2, 2006, and into the future.

On October 25, 2005, the Insurance Commissioner for the State of Florida, Kevin M. McCarty, issued an Emergency Order, stating that an insurer may not cancel or nonrenew a personal residential or commercial residential property insurance policy covering a dwelling or residential property which has been damages as the result of hurricane or wind loss resulting from Hurricane Wilma, for a period of 90 days after the dwelling has been repaired. Aspen's cancellation was a violation of the Emergency Order. As a result of Aspen's failure to renew the policy, Sailboat has suffered damages including having been left without windstorm coverage for the property, or in the alternative, being forced to procure windstorm coverage at a much greater premium that for its policy with Aspen.

Plaintiff's complaint states three claims against Defendant: Count I for Breach of Contract; Count II for Violation of Emergency Order of Insurance Commissioner for the State of Florida; and Count III for Declaratory Relief or Judgment. Defendant moved to dismiss only Count II of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

## II.  ANALYSIS

### A.  *Legal Standard*

The purpose of a motion filed pursuant to Fed. R. Civ. P. 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails

to state a claim upon which relief can be granted. It should be read alongside Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), to survive a 12(b)(6) motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting *Twombley*, 127 S. Ct. at 1964-65).

In analyzing a motion to dismiss for failure to state a claim upon which relief may be granted, "the complaint is construed in the light most favorable to the plaintiff, and all well-pleaded facts alleged by the plaintiff are accepted as true." *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1220 (11th Cir. 2002) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). A court may grant a motion to dismiss only if no construction of the factual allegations will support the cause of action. *Berry*, 497 F. Supp. 2d at 1364 (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)). A well-pled complaint will survive a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 127 S. Ct. at 1965 (internal citation omitted). Regardless of the alleged facts, however, a court may dismiss a complaint on

a dispositive issue of law.  *E.g., Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.   *No Private Cause of Action Arises Under the Emergency Order*

In Count II of the Complaint, which is titled "Violation of Emergency Order of Insurance Commissioner for the State of Florida," Sailboat alleges that Aspen's cancellation of its insurance policy, due to a purported unreasonable delay in the repair or replacement of the dwelling, is a violation of Emergency Order No. 83768-05-E0 ("Emergency Order"). The order was issued by the Florida Department of Insurance Regulation, pursuant to Fla. Stat. §627.4133(2)(d), following a declared state of emergency in the State of Florida as a result of Hurricane Wilma. The Emergency Order states:

> An insurer may not cancel or nonrenew a personal residential or commercial residential property insurance policy covering a dwelling or residential property located in Brevard, Broward, Charlotte, Collier, DeSoto, Glades, Hardee, Hendry, Higlands, Indian River, Lee, Martin, Miami-Dade, Monroe, Okeechobee, Osceola, Palm Beach, Polk, St. Lucie and Sarasota Counties which has been damages as the result of hurricane or wind loss resulting from Hurricane Wilma, for a period of 90 days after the dwelling has been repaired, except as provided in Section 627.4133(2)(d), Florida Statutes, and in accordance with all other applicable statutes and rules of the commission.

Count II is also based on the corresponding violation of Fla. Stat. §627.4133(2)(d) following the improper cancellation of Plaintiff's policy. This statute provides:

> Upon a declaration of an emergency pursuant to s. 252.36 and the filing of an order by the Commissioner of Insurance Regulation, an insurer may not cancel or nonrenew a personal residential or commercial residential property insurance policy covering a dwelling or residential property located in this state which has been damaged as a result of a hurricane or wind loss that is the subject of the declaration of emergency for a

>  period of 90 days after the dwelling or residential property has been repaired. A structure is deemed to be repaired when substantially completed and restored to the extent that it is insurable by another authorized insurer that is writing policies in this state.

Aspen challenges this claim in the Motion to Dismiss, arguing that the Emergency Order does not provide a private cause of action to Plaintiff in the event that the Emergency Order is violated. Furthermore, section 627.4133(2)(d) that is referenced in the Emergency Order also does not provide for a private cause of action. Consequently, Aspen concludes, Count II fails to state a claim for which relief can be granted.

There is no dispute that neither section 627.4133(2)(d) nor the Emergency Order expressly provide for any private cause of action for any aggrieved insurance policy holder. Under Florida law, absent clear legislative intent to create a statutory cause of action, a court should not imply such a cause of action especially where a statute is designed to address the security or welfare of the public as an entity. *See Villazon v. Prudential Health Care Plan, Inc.,* 843 So. 2d 842, 852 (Fla. 2006) ("Absent such expression of intent, a private right of action is not implied."); *Murthy v. N. Sinha Corp.,* 644 So. 2d 983, 986 (Fla. 1994) ("In general, a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing a civil liability.") (quoting *Moyant v. Beattie,* 561 So. 2d 1319, 1320 (Fla. 4th DCA 1990)); *cf. Trianon Park Condo. Ass'n, Inc. v. City of Hialeah,* 468 So. 2d 912, 917 (Fla. 1985) ("Further, legislative enactments for the benefit of the general public do not automatically create an

independent duty to either individual citizens or a specific class of citizens.") (citing Restatement (Second) of Torts § 288, comment b (1964)).

Furthermore, as a federal court sitting in diversity, we have additional prudential considerations to keep in mind. We are generally reluctant to read a private right of action into a state statute where a state court has not done so, and the plain language of the statute does not establish the private right of action. *See Swerhun v. Guardian Life Ins. Co. of Am.,* 979 F.2d 195, 198 (11th Cir. 1992); *Farlow v. Union Cent. Life Ins. Co.,* 874 F.2d 791, 795 (11th Cir. 1989) (declining to infer private cause of action under state statute based on the "reluctan[ce] to read private rights of action in state laws where state courts and state legislatures have not done so.") (quoting *A & E Supply Co., Inc. v. Nationwide Mut. Fire Ins. Co.,* 798 F.2d 669, 674 (4th Cir. 1986)).

In this case Plaintiff is seeking to enforce the statute and Emergency Order through a private cause of action for consequential damages against the Defendant. Plaintiff's claim seeks damages stemming from an insured being left without windstorm coverage for the property, or in the alternative being forced to procure windstorm coverage at a much greater premium than that for its policy with Defendant. This claim for damages is in the nature of a tort claim for which the breach of duty purportedly arises from the violation of the statute. But a statutory claim, by itself, does not exist for such a claim under the plain language of the statute or the Emergency Order. Under *Swerhun* and *Farley,* we should, therefore, not infer a private cause of action into this statute where the legislature decided not to do so.

Florida courts also recognize, however, that the absence of a statutory cause of action per se does not preclude a common law claim based upon the same allegations. *See, e.g., Foundation Health v. Westside EKG Assocs.,* 944 So. 2d 188, 194 (Fla. 2006) (though Florida HMO Act did not create a private cause of action, its prompt pay provisions were incorporated into contract between HMO and subscribers, upon which a breach of a third-party beneficiary contract could be stated).

Consequently, the prohibitions found in section 627.4133(2)(d) can be enforced through a common law action that an insured may have against its insurer, as in a breach of contract action for coverage under the policy. Through such a common law action the statute could certainly be enforced for its alleged breach by extending a policy's coverage contrary to the insurance company's premature cancellation. For instance, if Sailboat suffered an insured loss during the 90-day extension period, Sailboat could argue that the statute's terms were incorporated by law into its policy with Aspen, thereby requiring Aspen to insure such a covered loss even though Aspen's cancellation of the policy would have cut off Aspen's exposure. In that manner, as in *Foundation Health*, the court could not ignore Florida law's statutory restrictions on an insurer and would have to incorporate those restrictions into the policy at issue. *Id.* at 195 ("Florida courts have long recognized that the statutory limitations and requirements surrounding traditional insurance contracts may be incorporated into an insurance contract for purposes of determining the parties' contractual rights.") (citing *Citizens Ins. Co. v. Barnes,* 98 Fla. 933, 124 So. 722, 723 (1929) (finding an ordinance is "part of the contract of insurance" because there was no reason not to apply the

"general doctrine that, where parties contract upon a subject which is surrounded by statutory limitations and requirements, they are presumed to have entered into their engagements with reference to such statute, and the same enters into and becomes a part of the contract").

The problem here is that Sailboat is not seeking to pursue that particular common law remedy and, instead, is trying to maintain a separate theory of liability for consequential damages for which no common law action exists. The crux of the complaint is that Sailboat was damaged not by the premature cancellation of the policy at a time when a loss was suffered, but instead by Sailboat's inability to obtain substitute coverage at a comparable premium. Sailboat, however, points to no common law duty of an insurer not to cancel an insured's policy simply because comparable substitute coverage cannot be obtained. Sailboat's theory for liability is thus entirely dependent on a statutory right to seek consequential damages that is nowhere to be found in this statute or in the Emergency Order.

None of the cases cited by Sailboat persuade us that Sailboat can maintain such a private right of action for damages against Aspen simply based on a violation of this state statute. They instead support our conclusion that the statute as written can only be enforced through a contractual action that seeks to extend coverage contrary to the insurer's cancellation of a policy. *See St. Paul Fire & Marine Ins. Co. v. Valdivia*, 771 So. 2d 1229 (Fla. 3d DCA 2000); *U.S. Fire Ins. Co. v. Southern Sec. Life Ins. Co.*, 710 So. 2d 130 (Fla. 5th DCA 1998); *Tench v. Am. Reliance Ins. Co.,* 671 So. 2d 801 (Fla. 3d DCA 1996). These cases only reaffirm that a court may enforce a statute like this one

by incorporating its provisions into the insurance contract and extending coverage despite the nonrenewal or cancellation. Significantly, none of these cases hold that a private cause of action for consequential damages arises solely based on a statutory violation of section 627.4133.

In *Valdivia,* for instance, § 627.4133(1)(a) was enforceable in a common law contract action. The plaintiff alleged that its insurance policy was still in effect at the time of a crash because insurer had failed to comply with the section of the statute requiring an insurer to give the named insured at least forty-five days' advance written notice of nonrenewal. Without pursuing a claim for consequential damages, the plaintiff's approved remedy was the extension of coverage under the liability policy. Similarly, in *U.S. Fire Ins. Co.*, a plaintiff was allowed to bring a claim under section 627.4133(1) for nonrenewal of an insurance policy in violation of the statute to allow an insured to extend its insurance coverage. And in In *Tench*, the court applied § 627.4133(1)(b)(2) to find that an insured could assert an action to recover under a property insurance policy for hurricane damage because the insurance policy was not properly cancelled in violation of the statute. The court thus reversed summary judgment in the carrier's favor.

When it comes to a claim like this one, however, Sailboat has found no support. To the contrary, federal courts that have examined such a claim have reached the same conclusion we reach here. In *Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 2007 WL 1489817, *1-2 (S.D. Fla. May 18, 2007), Judge Middlebrooks granted a motion to dismiss one count of a complaint because the claim alleged a cause of action

based on violation of § 627.701 (requiring an insurer to give specific notice of a policy's inclusion of a separate hurricane deductible).  The plaintiff sought to maintain an action for damages based only upon the statutory violation even though the statute itself did not expressly provide for any private cause of action for damages against the insurer.  The court dismissed the claim as a result.

The same rationale applies to the present case.  The plain statutory language in § 627.4133(2)(d) or the terms of the Emergency Order do not contemplate a private right of action for consequential damages.  As a result this claim for damages must be dismissed as a matter of law under Rule 12(b)(6).  *See Neitzke v. Williams,* 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Aspen Specialty Insurance Company's Motion to Dismiss Count II of Plaintiff's Complaint [D.E. 3] is **GRANTED**.  Plaintiff Sailboat Pointe Condominium Association may pursue the present complaint only as to Counts I and III.  An amended complaint is not required.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of February, 2009.

_____
EDWIN G. TORRES
United States Magistrate Judge